## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ROME DIVISION

| | | |
|---|---|---|
| NAUTILUS INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | **CIVIL ACTION FILE** |
| v. | ) ) | **NO.** |
| CHIAHA GUILD OF ARTS AND CRAFTS, LTD.; SAMANTHA HUDGINS, individually and as a parent and natural guardian of A.E., a minor; and CHRISTEN LANG, individually and as a parent and natural guardian of J.L. a minor, | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |
| _____ | ) | |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff Nautilus Insurance Company ("Nautilus") files this Complaint for

Declaratory Judgment to determine the extent of coverage, if any, owed for liability

claims asserted in an underlying lawsuit.

## PARTIES

1.

Nautilus, the plaintiff herein, is organized under the laws of Arizona with its

principal place of business in Arizona. For purposes of federal court jurisdiction,

therefore, Nautilus is a citizen of Arizona.

2.

Chiaha Guild of Arts and Crafts, Ltd. ("Chiaha Guild"), a defendant herein, is a corporation organized under the laws of Georgia with a principal place of business in Georgia. For purposes of federal court jurisdiction Chiaha Guild is a citizen of Georgia. Chiaha Guild may be served through its registered agent Jennifer M. Selman, 31 Dogwood Street, Rome, Georgia 30161.

3.

Samantha Hudgins, as the legal representative of A.E., a minor, is a defendant herein who is a citizen of Georgia pursuant to 28 U.S.C. § 1332(c)(2) because A.E. is a citizen of Georgia.

4.

Christen Lang, as the legal representative of J.L., a minor, and is a defendant herein who is a citizen of Georgia pursuant to 28 U.S.C. § 1332(c)(2) because J.L. is a citizen of Georgia.

## JURISDICTION AND VENUE

5.

There is complete diversity of citizenship between Nautilus, who is a citizen of Arizona and defendants, who are citizens of Georgia.

6.

The amount in controversy exceeds $75,000.

7.

This court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332.

8.

There is an actual case or controversy regarding Nautilus' coverage obligations, if any, under an insurance policy issued in this judicial district for a liability lawsuit that is pending in this judicial district. 28 U.S.C. § 2201.

9.

Venue is proper in the Rome Division of the Northern District of Georgia where one or more defendants reside, where the insurance policy was delivered, where the underlying lawsuit is pending, and where the incident giving rise to the liability claim occurred. 28 U.S.C. § 1391(b); L.R. 3.1(B).

## UNDERLYING LAWSUIT

10.

Hudgins and Lang (referred to herein as "Liability Plaintiffs") jointly filed a complaint in the State Court of Floyd County, Civil Action 22cv01485, on September 19, 2022 ("Underlying Lawsuit") alleging that their minor children

contracted E. coli 0157:H7 while invitees at the Chiaha Harvest Fair that was operated by Chiaha Guild and hosted at fairgrounds of Coosa Valley Fair Association. A true copy of the complaint is attached as Exhibit A.

11.

Specifically, the Liability Plaintiffs allege that while at the fair on October 23, 2021, A.E. and J.L. made direct contact with hay, ground covering, the ground, and food and objects contaminated with fecal matter containing *E. coli*. Thereafter, they allege, A.E. and J.L. began experiencing symptoms of an infection on October 26, 2021.

12.

The Liability Plaintiffs allege that A.E. was admitted to the hospital on October 30, 2021 where she was diagnosed with Hemolytic Uremic Syndrome, after which she was transferred to another hospital on November 14, 2021 where she remained until November 19, 2021. They allege that A.E. has "experienced permanent physical damage to her kidneys and other bodily organs" as a result.

13.

The Liability Plaintiffs allege that J.L. was admitted to the hospital on October 29, 2021 where he was diagnosed with Hemolytic Uremic Syndrome, after which he was transferred to another hospital on November 1, 2021 where he remained until

November 12, 2021. They allege that A.E. has "experienced permanent physical damage to his kidneys and other bodily organs" as a result.

14.

The Liability Plaintiffs allege that A.E. and J.L. "will, more likely than not, experience emotional, behavioral and cognitive defects" for the remainder of their lives.

15.

On behalf of A.E. and J.L., the Liability Plaintiffs seek to recover medical expenses, pain and suffering damages, and for "other harms and losses to be proven at trial."

16.

On behalf of themselves, the Liability Plaintiffs seek to recover lost wages, out-of-pocket expenses, and medical and "other expenses." They also claim deprivation of their minor's services.

**INSURANCE POLICY PROVISIONS**

17.

Nautilus issued policy NN1317261 to "The Chiaha Guild & Board Members" as the named insured for the period October 22, 2021 to October 25, 2021 (the "Policy"). A true copy is attached hereto as Exhibit B.

18.

In pertinent part, Coverage A of the Commercial General Liability Coverage Form ("CGL Form") applies to claims for damages that the insured is legally obligated to pay because of "bodily injury" that occurs during the policy period and is caused by an "occurrence."

19.

The term "bodily injury" is defined as "bodily injury, sickness or disease sustained by a person, including death resulting from these at any time."

20.

The term "occurrence" is defined as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions."

21.

An endorsement entitled "**EXCLUSION - MICROORGANISMS, BIOLOGICAL ORGANISMS, BIOAEROSOLS OR ORGANIC CONTAMINANTS**" (**"**Microorganisms Exclusion**"**) modifies the CGL Form to provide that the insurance does not apply to:

1. "Bodily injury" … arising out of, related to, caused by, or in any way connected with the exposure to, presence of, formation of, existence of or actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of any microorganisms, biological organisms, bioaerosols or organic contaminants including, but not limited to mold, mildew, fungus, spores, yeast or

other toxins, mycotoxins, allergens, infections agents, wet or dry rot or rust, or any materials containing them at any time, regardless of the cause of growth, proliferation or secretion.

\*\*\*

We shall have no duty to investigate, defend, or indemnify any insured in any action or proceeding alleging damages arising out of direct or indirect contact with, any exposure to, or the ingestion, inhalation or absorption of any microorganisms, biological organisms, bioaerosols, or organic contaminants including, but not limited to, mold, mildew, fungus, spores, yeast or other toxins, mycotoxins, allergens, infectious agents, wet or dry rot or rust, or any materials containing them at any time, regardless of the cause of growth, proliferation or secretion.

This exclusion does not apply to any fungi, bacteria, microorganisms or biological organisms that are, are on, or are contained in, a good or product intended for bodily consumption.

22.

An endorsement entitled "**EXCLUSION – COMMUNICABLE OR INFECTIOUS DISEASE**" ("Infectious Disease Exclusion") modifies the CGL

Form to provide as follows:

1.This insurance does not apply to 'bodily injury' … arising out of any actual or alleged transmission of or exposure to a 'communicable or infections disease.'

This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in the:

a. Supervising, hiring, employing, training or monitoring of others that may be infected with and spread a "communicable or infectious disease";

<sub>b.</sub> Testing for a "communicable or infectious disease";

<sub>c.</sub> Failure to suppress or prevent the spread of the "communicable or infectious disease"; or

<sub>d.</sub> Failure to report the "communicable or infectious disease" to authorities.

\*\*\*

3. We will have no duty to defend or indemnify any insured in any action or proceeding alleging damages arising out of any "communicable or infectious disease".

23.

The term "communicable or infectious disease" is defined by the Infectious Disease Exclusion as:

> any disease, illness or condition contracted through direct or indirect contact with or exposure to any form of pathogens such as, but not limited to, bacterium, fungus, marker, microbial agent, microorganism, organism, protozoa, virus or any other source that induces or is capable of inducing the disease, illness or condition.

## <u>COUNT ONE – THE LIABILITY PLAINTIFFS DO NOT ALLEGE "BODILY INJURY" THAT OCCURRED DURING THE POLICY PERIOD</u>

24.

Nautilus incorporates by reference each factual allegation in the preceding paragraphs of this Complaint as if set forth herein.

25.

The Liability Plaintiffs allege that A.E. and J.L. began to develop symptoms on October 26, 2021, which was after the policy period ended on October 25, 2021.

26.

The Liability Plaintiffs' allegation that A.E. and J.L. will experience "emotional, behavioral and cognitive deficits" is not "bodily injury" as that term is defined in the policy.

27.

The Liability Plaintiffs' claims for lost wages, out-of-pocket expenses, past and future "medical expenses" as well as loss of services, do not constitute "bodily injury" as that term is defined in the policy.

28.

WHEREFORE, the Court should declare that Nautilus does not owe a duty to defend or indemnify the claims asserted in the Underlying Lawsuit.

## COUNT TWO – THE LIABILITY PLAINTIFFS' ALLEGATIONS FALL WITHIN THE MICROORGANISMS EXCLUSION

29.

Nautilus incorporates by reference each factual allegation in the preceding paragraphs of this Complaint as if set forth herein.

30.

The *E. coli* 0157:H7 infections that are alleged by the Liability Plaintiffs to have harmed A.E. and J.L., and for which they seek damages on behalf of their own behalves as well, constitute "microorganisms, biological organisms, bioaerosols or organic contaminants" within the Microorganisms Exclusion.

31.

WHEREFORE, the Court should declare that any coverage for "bodily injury" that occurred during the policy period is excluded by the terms of the Microorganisms Exclusion.

## COUNT THREE – THE LIABILITY PLAINTIFFS' ALLEGATIONS FALL WITHIN THE INFECTIOUS DISEASE EXCLUSION

32.

Nautilus incorporates by reference each factual allegation in the preceding paragraphs of this Complaint as if set forth herein.

33.

The *E. coli* 0157:H7 infections that are alleged by the Liability Plaintiffs to have harmed A.E. and J.L., and for which they seek damages on behalf of their own behalves as well, fall within the definition of a "communicable or infectious disease" within the Infectious Disease Exclusion.

34.

WHEREFORE, the Court should declare that any coverage for "bodily injury" that occurred during the policy period is excluded by the terms of the Infectious Disease Exclusion.

**PRAYER FOR RELIEF**

35.

Based on all the terms, conditions, and exclusions in the Policy (whether or not expressly mentioned or identified in this Complaint), as well as under relevant legal principles and public policy concerns, Nautilus is entitled to a declaration that it does not owe a duty to defend or indemnify Chiaha Guild for the claims asserted in the Underlying Lawsuit.

Nautilus demands a jury on all issues so triable.

**FREEMAN MATHIS & GARY, LLP**

*/s/ Philip W. Savrin*
Philip W. Savrin
Georgia Bar No. 627836
psavrin@fmglaw.com
Adam P. Reichel
Georgia Bar No. 377812
adam.reichel@fmglaw.com

*Counsel for Plaintiff*
*Nautilus Insurance Company*

100 Galleria Parkway
Suite 1600
Atlanta, GA 30339-5948
(770) 818-0000 (telephone)
(770) 937-9960 (facsimile)